<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SYED RAHMAN**,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**CITIBANK, N.A.**,<br><br>　　　　　　　　　Defendant. | Civil Action No. 25-186 (ZNQ) (TJB)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

　　**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Citibank, N.A. ("Citibank" or "Defendant"). ("Motion," ECF No. 9.) Defendant filed a Moving Brief in support of the Motion. ("Moving Br.," ECF No. 9-1.) *Pro se* Plaintiff Syed Rahman ("Rahman" or "Plaintiff") filed an Opposition Brief. ("Opp'n Br.," ECF No. 13.) Defendant did not file a reply brief. The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons set forth below, the Court will **GRANT** the Motion.

**I.　　BACKGROUND AND PROCEDURAL HISTORY**[2]

　　Plaintiff filed his initial complaint in the Superior Court of New Jersey, Law Division, Hunterdon County, on November 27, 2024. ("Compl.," ECF No. 1-1.) On January 8, 2025, Defendant properly removed the matter to this Court. (ECF No. 1.)

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.
[2] For the purpose of considering this Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

This is a dispute over an alleged improper credit balance. Plaintiff initially had a credit card agreement with Sears, where Citibank managed Plaintiff's credit. (Opp'n Br. at 6.) Plaintiff alleges that the "issue started" in May 2019 when Shop Your Way "acquired the accounting and billing responsibilities form Sears by offering [a] credit-card agreement to existing Sears customers as well as to additional new customers." (*See* Compl. at 3.)[3] Plaintiff alleges that in September 2019 he was wrongfully charged $202.12, reflected as a "new balance" on his credit card statement, despite never using the credit card for any purchases. (*Id.*) This was the "only charge" on the card. (*Id.*) Plaintiff alleges that in March 2020, Citibank "wrongfully charged-off plaintiff's account," and in June 2023, sold Plaintiff's account to Calvary SPV I, LLC ("Calvary"), who later commenced a collection action against Plaintiff in August 2024. (*Id.*) Because Plaintiff has not paid the balance on the card both Calvary and Defendant "sent several collection notices through its agents (debt collectors) demanding payments." (*Id.* at 4.) Plaintiff challenged the debt collectors by sending dispute letters on numerous occasions but to no avail. (*Id.* at 5.) As a result, Plaintiff alleges that Citibank has "conceal[ed] [] facts and documents" from Plaintiff and regulatory agencies in violation of federal law. (*Id.*)

The Complaint does not assert specific causes of action. As best the Court can infer, Plaintiff alleges that Defendant violated the Fair Credit Billing Act ("FCBA"), the Fair Debt Collection Practices Act ("FDCPA"), the Consumer Credit Protection Act ("CCPA"), and various guidelines, including regulations from the Consumer Financial Protection Bureau and Federal Trade Commission.[4] (*Id.*) Plaintiff seeks $12,000,000 in damages. (*Id*. at 7.)

---

[3] The Court cites to the Complaint herein by its internal pagination.
[4] The civil cover sheet supports that Plaintiff is bringing claims under the FCBA and FDCPA. (ECF No. 1-3.)

**II.      SUBJECT MATTER JURISDICTION**

The Court has subject matter jurisdiction over the claims in the Complaint based on federal law pursuant to 28 U.S.C. § 1331 and jurisdiction over the claims based on state law pursuant to 28 U.S.C. § 1367.

**III.     LEGAL STANDARD**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing

that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Lastly, in assessing a pro se plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *See Beasley v. Howard*, Civ. No. 19-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson*, 551 U.S. at 94 (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar*, 372 F. App'x at 328.

## IV.   DISCUSSION

### A.   FAIR CREDIT BILLING ACT

Plaintiff alleges that Defendant likely violated the FCBA by attempting to collect the unpaid balance of $202.12 and by failing to respond to Plaintiff's dispute letters. (Compl. at 3–7.)

The FCBA, enforced through the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and implemented through Federal Regulation Z, 12 C.F.R. § 1026, "requires creditors to investigate and correct billing errors." *See Alves v. Verizon*, Civ. No. 08-3196, 2010 WL 2989988, at *7 (D.N.J. July 27, 2010) (quoting *Dimedio v. HSBC Bank*, Civ. No. 08-5521, 2009 WL 2413669, at *2 (D.N.J. Aug. 4, 2009)). The FCBA "requires a creditor to comply with particular obligations when a consumer has asserted that his billing statement contains an error." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 433 (3d Cir. 2018) (citation omitted). Those obligations include

4

investigating a properly submitted billing dispute, which requires the creditor to set forth the reasons why it believes that the consumer's account "was correctly shown in the statement." 15 U.S.C. § 1666(a)(B)(ii). But the protections of the FCBA are only triggered when a consumer submits written notice of the alleged billing error to a specific address identified by the creditor within 60 days after receiving the statement that contains the alleged billing error. 15 U.S.C. § 1666(a); *see also Krieger*, 890 F.3d at 437. The written notice must: 1) set forth or otherwise enable the creditor to identify the name and account number of the consumer; 2) indicate the consumer's belief that a billing error has occurred and the amount of the billing error; and 3) set forth the reasons that the consumer believes that the billing statement contains an error. 15 U.S.C. § 1666(a)(1)–(3). "If the consumer gives proper and timely notice, then the creditor is required to provide, within thirty days, written acknowledgement that it received the notice; and, within ninety days, or two complete billing cycles, whichever is shorter, the creditor must investigate the matter, either correcting the billing error or sending a written explanation of why the original statement was correct." *Conti v. Bank of Am., N.A.*, Civ. No. 22-06615, 2024 WL 4986701, at *3 (D.N.J. Dec. 5, 2024) (citing 15 U.S.C. § 1666(a); 12 C.F.R. § 226.13(c), (e), (f)).

Thus, "[i]n order to state a claim under § 1666 [of the FCBA], the plaintiff must allege: (1) the existence of a billing error [and the amount of the error]; (2) plaintiff's timely notification of the billing error; and (3) failure of the card issuer to comply with the procedural requirements of Section 1666." *Id.* (citing *Beaumont v. Citibank (S.D.) N.A.*, Civ. No. 01-3393, 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002)).

Defendant argues that Plaintiff's FCBA claim is untimely because under TILA, he did not file suit within one year. (Moving Br. at 6 (citing 15 U.S.C. § 1640(e) (stating that a borrower may bring an action for damages within one year after an alleged violation of TILA)).) Even if

5

the suit is timely, Defendant contends that Plaintiff filed dispute letters with the creditor outside of the 60-day window set forth in the FCBA. (*Id.* at 7 (citing 15 U.S.C. § 1666(a)).) Lastly, Defendant cites other purported deficiencies with the dispute letters: they were not sent to the correct addresses and they do not challenge a specific billing error. (*Id.* at 7–8.)

Plaintiff argues that the statute of limitations to bring a claim should start at the time Plaintiff filed his Complaint. (Opp'n Br. at 11.)[5] Plaintiff further argues that 1) he filed suit within the statute of limitations because Defendant concealed information and 2) the statute of limitations for a fraud based claim does not accrue until the fraud is discovered.[6] (*Id.* at 18, 19, 12.) To be clear, Plaintiff only challenges Defendant's statute of limitations argument and does not address whether he plausibly stated a claim under the FCBA.

As an initial matter, the Court finds that Plaintiff's FCBA claim is untimely because it was not filed within one year.[7] Because the FCBA is part of TILA, claims under the FCBA must be filed within the one-year limitations period applicable to violations of TILA under § 1640(e). *Roa v. State Farm Bank*, Civ. No. 21-881, 2021 WL 11702071, at *2 (E.D. Va. Oct. 22, 2021); *Carter v. Fairbanks*, Civ. No. 09-4032, 2009 WL 2843882, at *3 (D.N.J. Sept. 1, 2009) ("Under 15 U.S.C. § 1640(e), TILA claims have a one year statute of limitations. Thus, a borrower may bring an action for damages within one year of an alleged violation." (citing *Nix v. Option One Mortg. Corp.*, Civ. No. 05-3685, 2006 WL 166451, at *3 (D.N.J. Jan. 19, 2006))).

---

[5] Instead of writing a formal brief with arguments in opposition to Defendant's Motion, Plaintiff took screenshots of Defendant's Moving Brief and disputed the arguments by section.
[6] Fraud based claims are subject to the heightened pleading standard of Rule 9(b). The Court interprets Plaintiff's claims to be brought under the FCBA and FDCPA, not common law fraud. This is to Plaintiff's benefit because if he brings a fraud claim as argued in his brief, he will have to plead facts with particularity, which, for reasons explained later, he fails to do.
[7] The Court notes that although a statute of limitations argument is an affirmative defense that typically cannot be raised in a motion to dismiss, an exception exists when, as here, the pertinent dates as pled in the complaint suggest that there is a statute of limitations violation. *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (a statute of limitations issue that is apparent on the face of the complaint may form the basis of a dismissal under Rule 12(b)(6)).

Plaintiff alleges that the "issue started around May 2019" and it was not until September 2019, when Plaintiff "noticed a charge[] of $202.12" on his credit card statement. (Compl. at 3.) Plaintiff, however, filed his Complaint in November 2024, which is outside the 100-day window of TILA. Plaintiff alleges that he became aware of "unidentifiable charge[s]" in August 2024, but it is unclear from the Complaint whether the "unidentifiable charge[s]" includes the $202.12 charge. (*See id.* at 4.) Lastly, Plaintiff's argument that the statute of limitations to bring a claim should start at the time Plaintiff filed his Complaint lacks legal support. *See Jaffe v. Cap. One Bank*, Civ. No. 09-4106, 2010 WL 691639, at *9 (S.D.N.Y. Mar. 1, 2010) ("15 U.S.C. § 1640(e) requires that any action for a violation of the Truth in Lending Act be brought within one year ***from the date of the occurrence of the violation***.") (emphasis added); *Tucker v. Beneficial Mortg. Co.*, 437 F. Supp. 2d 584, 589 (E.D. Va. 2006) ("15 U.S.C. § 1640(e) establishes a one [] year statute of limitations period applying to claims for civil damages arising from TILA violations, which begins running from the date of the complained of violation."). Accordingly, the Court finds that based on Plaintiff's allegations, he became aware of the charge in September 2019 and filed his claim outside the 100-day window permitted under TILA.

In addition to timeliness under TILA, the Court similarly finds that Plaintiff did not comply with FCBA's requirement to submit disputes within 60 days after receiving the statement that contains the alleged billing error. 15 U.S.C. § 1666(a); *see also Krieger*, 890 F.3d at 437. Here, as stated, Plaintiff alleges that he noticed a charge of $202.12 in September 2019. (Compl. at 3.) According to the billing statement, the payment for that amount was due on September 4, 2019.[8] (ECF No. 1-1 at 31.) Plaintiff, however, submitted dispute letters over a year later on December

---

[8] The Court can consider the relevant statements and dispute letters, which are attached to the Complaint, because they are "integral to or explicitly relied upon in the complaint." *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).

7

24, 2020 and January 29, 2020, well outside the 60-day window proscribed by statute. Accordingly, the Court finds his FCBA claim is untimely.

Even assuming the claim was timely under both TILA and the FCBA, Plaintiff did not properly dispute the charge. For example, although Plaintiff adequately alleges the existence of a billing issue, he fails to plausibly allege that he provided timely and sufficient notice to Defendants. Plaintiff's dispute letters are addressed to a P.O. Box in Sioux Falls, South Dakota[9] and Altran Financial in Houston, Texas. (ECF No. 1-1.) Yet, these addresses are not the proper addresses to direct dispute letters to because at the time Plaintiff sent the letters, the Sears account had already been acquired by Shop Your Way, which had a dispute address with a different P.O. Box. *See McIntosh v. Cap. One Bank (USA), N.A.*, Civ. No. 23-3144, 2024 WL 3964234, at *2 (D.N.J. Aug. 28, 2024) ("Notice of a consumer's billing error under the FCBA must be submitted to a creditor in writing to a *specific address* identified by the creditor. It cannot be submitted any other way" (emphasis added)).

Plaintiff alleges that he "made all necessary attempts" to dispute the charge, but was ignored. (Compl. at 5.) He alleges that he sent a "written complaint to investigate" and that Defendant "failed to provide its response to the written complaint within 30 days and to resolve the situation in 90 days" pursuant to the FCBA. (*Id.*) But by failing to deliver the disputes to the proper address, Defendant was not under an obligation to respond.

As a final point, Plaintiff's dispute letters do not specifically address the billing error complained of. Instead, they address the "false claim that [Plaintiff] ha[s] used [the] credit card," and that the Plaintiff is being harassed by collection agencies. (ECF No. 1-1 at 20.) The letters nowhere state the specific amount being challenged, i.e., $202.12, which is a requirement under

---

[9] This address is the address of Sears located on the balance.

the FCBA. Thus, the letters, despite being written notices, do not state the "amount of the billing error." 15 U.S.C. § 1666(a)(1)–(3); *McIntosh*, 2024 WL 3964234, at *2 (noting that the written notice must "indicate the consumer's belief that a billing error has occurred *and* the amount of the billing error") (emphasis added).

Accordingly, the Court finds that Plaintiff fails to state a claim under the FCBA. This claim will be dismissed with prejudice.

### B.   FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff also alleges that Defendant "did not follow the guidelines and mandates provided by Regulatory Agencies." (Compl. at 4.) He alleges that Defendant violated the FDCPA by not responding to his disputes. (*Id.*) Defendant argues that it is not subject to the FDCPA because it is a creditor and not a debt collector, and therefore not subject to the statute. (Moving Br. at 8.) Plaintiff does not specifically address Defendant's arguments related to this claim or whether it should survive dismissal in his Opposition Brief.

Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to prevent debt collectors who do not use abusive practices from being competitively disadvantaged, and to promote consistent State action to protect consumers. *See* 15 U.S.C. § 1692(e). "To prevail on an FDCPA claim, a plaintiff must prove that 1) he is a consumer, 2) the defendant is a debt collector, 3) the defendant's challenged practice involves an attempt to collect a debt as the FDCPA defines it, and 4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Newell v. Greenblatt, Lieberman, Richards & Weishoff LLC*, Civ. No. 24-07448, 2025 WL 2356036, at *3 (D.N.J. Aug. 14, 2025); *Green v. LVNV Funding, LLC*, Civ. No. 24-396, 2024 WL 1173097 at *3 (D.N.J. Mar. 19, 2024); *see also Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 150 (3d Cir. 2023).

9

Here, to the extent Plaintiff brings a claim under the FDCPA, he does not allege in the Complaint that Defendant is a debt collector as that term is defined in the FDCPA. The term "debt collector" means

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a. The FDCPA expressly excludes "creditors who attempt to collect their own debts." *Oppong v. First Union Mortg. Corp.*, 215 F. App'x. 114, 118 (3rd Cir. 2007).

Here, Plaintiff has not plausibly alleged, nor can he, that Citibank is a debt collector subject to the FDCPA. Based on the allegations, Citibank is a creditor, which is generally not subject to the FDCPA, because it provided credit in the form of a credit card to Plaintiff and is seeking to collect on an unpaid balance. *See Todd v. Citibank*, Civ. No. 16-5204, 2017 WL 1502796, at *4 (D.N.J. Apr. 26, 2017) (holding that "Citibank is a creditor, not a debt collector" because Citibank extended credit to the plaintiff's husband and is seeking to collect the debt owed to it); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 66 (E.D.N.Y. 1994) (holding that the defendant Citibank is not a "debt collector" within the purview of the FDCPA because it is not in the business of professional debt collections); *Dahlhammer v. Citibank (S. Dakota), N.A.*, Civ. No. 05-CV-1749, 2006 WL 3484352, at *4 (M.D. Pa. Nov. 30, 2006) (noting that "the FDCPA excludes creditors from the definition of debt collectors"); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379,

403 (3d Cir. 2000) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act. . . .  Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own." (quoting *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998))); *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf.")

Accordingly, because Defendant is not a debt collector, Plaintiff fails to state a claim under the FDCPA.  This claim will also be dismissed with prejudice.

### C. CONSUMER CREDIT PROTECTION ACT

Plaintiff similarly alleges that Defendant violated the CCPA.  (*See* Compl. at 6.)  He likewise alleges that Defendant failed to respond within thirty days and failed to provide Plaintiff with necessary documents.  (*Id.*)  Notably, Plaintiff groups his FCBA, FDCPA, and CCPA claims together.  Defendant argues that Plaintiff's CCPA claim fails because the CCPA is a collection of statutes and does not serve as a "standalone source of liability."  (Moving Br. at 10.)  Plaintiff does not directly address his CCPA claim in his Opposition Brief.

Defendant is correct that the FCBA and FDCPA are all part of the larger CCPA.[10]  *See* 15 U.S.C. § 1601, *et. seq.*  Outside of the FCBA and FDCPA, Plaintiff has simply not alleged that he has a specific cause of action arising under the CCPA.  Accordingly, given that the Complaint lacks a short and plain statement of the claim, the Court will dismiss without prejudice any claim arising under the CCPA that has not already been addressed.

---

[10] The CCPA also includes the Fair Credit Reporting Act.

### D. NEGLIGENCE AND FRAUD

Lastly, Plaintiff alleges that he is suing Defendant for compensation caused by its "wrongful negligence and fraudulent acts." (Compl. at 4.) Insofar as Plaintiff seeks to assert a negligence or common law fraud cause of action, he fails to plausibly state a claim.

To state a claim for negligence under New Jersey law, a plaintiff must allege "(1) duty of care, (2) breach of duty, (3) proximate cause, and (4) actual damages." *Campbell Soup Supply Co. LLC v. Protenergy Nat. Foods Corp.*, Civ. No. 16-684, 2016 WL 7104840, at *2 (D.N.J. Dec. 5, 2016); *Est. of Grieco v. Nat'l Med. Consultants, P.C.*, Civ. No. 16-1959, 2020 WL 13580931, at *3 (D.N.J. Jan. 31, 2020).

Here, Plaintiff has not alleged duty, breach, or causation. The only allegation in the Complaint pertaining to negligence is that "Plaintiff sues the defendant for compensation for the pain and suffering caused by defendant's wrongful negligence and fraudulent acts." (Compl. at 4.) This conclusory and bare assertion does not satisfy the plausibility standard set forth in *Iqbal* and *Twombly*.

In that same vein, Plaintiff fails to plausibly allege any fraud claim. To state a claim for common law fraud in New Jersey, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Torsiello v. Strobeck*, 955 F. Supp. 2d 300, 316 (D.N.J. 2013). Fraud is subject to the heightened pleading standard of Rule 9(b). Here, Plaintiff similarly fails to allege any of the requirements of common law fraud, nor does he allege the "essential factual background that would accompany the first paragraph of any newspaper story—that is, the 'who, what, when,

12

where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (citation omitted).

Accordingly, the Court finds that Plaintiff has failed to state a claim for negligence and fraud.

## V.     CONCLUSION

For the reasons stated above, the Court will **GRANT** the Motion. Plaintiff's FCBA and FDCPA claims will be dismissed with prejudice. In an abundance of caution, the Court will dismiss without prejudice his claims based on the CCPA, negligence, and fraud. Plaintiff will be given leave to amend his Complaint, limited to addressing the deficiencies identified in this opinion. Failure to timely file an Amended Complaint or to cure the deficiencies identified in this Opinion within **thirty (30) days** of the accompanying order may result in dismissal of this matter with prejudice. An appropriate Order will follow.

Date: September 10, 2025

s/ Zahid N. Quraishi  
**ZAHID N. QURAISHI**  
**UNITED STATES DISTRICT JUDGE**